## SUPREME COURT—IN BANCO.

---

### APRIL TERM—1874.

*Allen, Ch. J., Harris and Judd, J. J.*

---

IN THE MATTER OF THE GUARDIANSHIP OF ROSA BARTLETT DUNCAN.

THE principal of a WARD'S estate must be invested by the GUARDIAN, and the income and profits accruing from it are all that he may expend for the maintenance of his ward, without the order of the Probate Court to use the principal for such purposes.

Mr. Justice JUDD delivered the opinion of the Court.

Daniel P. True was qualified as guardian of Rosa Bartlett, a minor, on the 25th of July, 1859 ; and received the sum of $1,097.45 as his ward's estate. No accounts were filed by

him as required by the statute and the terms of his bond, but on the 10th October, 1873, he is brought into Court on the petition of his ward who had become of age and had married.

In this account, thus compelled, the guardian charges the sum of $1,830.75 for board of the ward from June, 1858, to July, 1870, twelve years, at the rate of $3 per week, and shows an expenditure of $240, for clothing and schooling. It does not appear that the funds of the estate were invested, or that the guardian had made application to the Court to be allowed to use the principal for the maintenance of the ward. Both parties appealed.

S. B. Dole for the guardian. Our statutes allow a guardian to use the principal of a ward's estate for maintenance. Commissions should be allowed on the interest charged against him.

L. McCully for the ward. The guardian may not break into his ward's principal without leave of the Court, and then only on express and necessary cause shown.

*Per Curiam:* The Civil Code authorizes a guardian to pay all just debts due from the ward out of his personal estate ; but the "debts" mentioned in this section are not those incurred by the guardian for maintenance of the ward during the progress of the trust.

After the debts which were incurred by the ward before the inception of the trust are paid, the balance constitutes the principal, which must be invested by the guardian, and the income and profits accruing from it are all that the guardian may expend for maintenance of his ward. This is the obvious meaning of Sections 1357 and 1358 of the Civil Code.

A guardian may not of his own authority encroach upon the principal of a ward's estate for the purpose of maintaining his ward, and it is imperative upon him to obtain the leave and direction of the Court before he can touch the principal for such purposes.

In this case, however, no application was made by the

In the matter of the Guardianship of Rosa Bartlett Duncan.

guardian for the direction of the Court, but he has assumed the authority.

It is the duty of a guardian to keep the money belonging to the trust estate properly invested, and if he neglects to make investments he is chargeable with interest.

Walker vs. Wetherell, 6 Vesey, J., 473 ; In re Bostwick, 4 John., ch. 99 ; De Pegster vs. Clarkson, 2 Wendell, 78. Applying these principles to the case before us, the guardian True must account for the whole of the principal sum remaining in his hands, after paying the debts of his ward, which we find as follows :

| | | |
|---|---:|---:|
| Amount of cash received by guardian...... ........ ......... | | $1,097 45 |
| Deduct debts of the ward, viz. : for clothing, schooling, &c., of Rosa Bartlett from June 1, 1858, to July 25, 1859, when the trust began........ ............... ............$ 63 00 | | |
| Also board, washing and lodging' for same period, 59 weeks at $3..................... ............... ......... ......... 177 00 | | |
| Also statute commissions........ ......... ......... ............ 106 82 | | |
| | | 346 82 |
| ·Principal when trust began was....... ............ ......... | | $750 63 |

It is not necessary to enquire what would be the cost of board, clothing, schooling, etc., of a girl of the condition of this ward, for, be the same much or little, the guardian was authorized to expend for these purposes only the income or interest arising from the fund—unless he obtained leave of the Court to break in upon the principal.

For this reason it will not help the guardian any to allow him commissions on the interest earned, for he claims that he spent all the interest in the support of his ward, and much more.

We therefore decree that the guardian pay over to the husband of his late ward, the sum of $750.63 less the costs below, which may be allowed out of the fund, for a proceeding for settlement of accounts was necessary. Costs of this appeal to be paid by the guardian.

Honolulu, April 28th, 1874. 69